UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Eriane Pereira Dos Santos**<br><br>　　Petitioner<br><br>v.<br><br>**PATRICIA HYDE**, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); **TODD LYONS**, Acting Director of U.S. Immigration Customs Enforcement ("ICE"); **KRISTI NOEM**, Secretary of the Department of Homeland Security ("DHS"); U.S. **DEPARTMENT OF HOMELAND SECURITY**; and **PAMELA BONDI**, Attorney General of the United States<br><br>　　Respondents | Case No.: 1:25-cv-12703<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

## I.   INTRODUCTION

1. Petitioner, Eriane Pereira Dos Santos, is a citizen of Brazil who entered the United States without inspection on or about 2016.

2. On September 22, 2025 Immigration and Customs Enforcement ("ICE") arrested the Petitioner in Massachusetts and placed her into custody.

3. ICE now seeks to detain her under 8 U.S.C. § 1225(b), treating her as an "applicant for admission" subject to mandatory detention. That approach is inconsistent with the statute. Section 1225(b) applies to applicants for admission and, in the expedited-removal context, to certain individuals encountered within the two-year period Congress authorized. Petitioner fits neither category. Having resided for years inside the United

States, she cannot lawfully be reclassified as a new "arriving alien" in order to deprive her of the individualized custody determination guaranteed by 8 U.S.C. § 1226(a).

4. The Petitioner's detention under Section 1225(b) is unauthorized by statute and violates the due-process protections secured by the Fifth Amendment. She therefore respectfully petitions for immediate release, or, in the alternative, for an order directing Respondents to provide her with a prompt individualized custody hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a), pursuant to this Court's habeas jurisdiction, 28 U.S.C. § 2241.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6. Venue is proper in this district because Petitioner resides in Massachusetts, is detained in Massachusetts, and on information and belief is in the custody of Respondents in Middlesex County in this district.

## III. PARTIES

7. Petitioner is a citizen of Brazil currently detained at ICE Boston Field Office in Burlington, MA, under the custody of U.S. Immigration and Customs Enforcement.

8. Respondent Patricia Hyde is the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"). The Boston Field Office is responsible for custody determinations and enforcement actions in Massachusetts, including the detention of Petitioner. Respondent Hyde is a legal custodian of Petitioner.

9. Respondent Todd Lyons is the Acting Director of the U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the

actions of ICE/ERO's Boston Field Office. Respondent Lyons is a legal custodian of Petitioner.

10. Respondent Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Noem is a legal custodian of Petitioner.

11. Respondent U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

12. Respondent Pamela Bondi is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

## IV. FACTUAL BACKGROUND

13. Petitioner Eriane Pereira Dos Santos entered the United States without inspection in or about 2016.

14. Since her entry, the Petitioner has continuously resided in the United States.

15. On or about September 22, 2025, ICE detained the Petitioner.

16. Petitioner maintains that, in light of her longstanding residence and the absence of any contemporaneous inspection or expedited-removal process, her custody is properly governed by 8 U.S.C. § 1226(a), which authorizes release on bond or other conditions pending removal proceedings.

17. Petitioner however has been treated as an "arriving alien" subject to the detention provisions of 8 U.S.C. § 1225(b). That statute governs the inspection and detention of certain noncitizens encountered at the border or ports of entry. The Board of Immigration Appeals, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), has discussed the circumstances under which § 1225(b) may be applied to persons who entered without inspection but were not apprehended until many years later.

18. Respondents reliance on 8 U.S.C. § 1225(b) is misplaced, and its refusal to provide a custody hearing under 8 U.S.C. § 1226(a) leaves Petitioner detained without statutory authority and without due process of law.

V. **REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243**

19. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

20. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

21. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

VI. **CLAIMS FOR RELIEF**

**Count I – Violation of the Fifth Amendment Right to Due Process**
**(Procedural Due Process)**

22. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

23. Respondents' detention of Petitioner without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. The Supreme Court has long made clear that the protections of the Due Process Clause extend to all persons within the United States, including noncitizens present without lawful status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

24. Petitioner was arrested in the interior of the United States on September 22, 2025. Respondents now purport to treat her as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), despite the fact that she has been present in the United States since approximately 2016.

25. By effectively reclassifying Petitioner as an "applicant for admission" under § 1225(b), Respondents have denied her the statutory protections that attach once custody is governed by 8 U.S.C. § 1226(a), including the right to an individualized custody hearing. This treatment unlawfully eliminates access to the procedural safeguards Congress provided for persons facing removal, such as the opportunity for a bond determination, the right to counsel, and the right to administrative and judicial review.

26. The First Circuit has held that due process requires an individualized custody determination for noncitizens detained under § 1226(a). *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256–57 (1st Cir. 2021). Respondents' reliance on § 1225(b) to deny Petitioner such a hearing is contrary to the statute, the Constitution, and controlling precedent.

27. Accordingly, Petitioner's detention violates her right to due process under the Fifth Amendment, and she is entitled to immediate release or, at minimum, an individualized custody hearing.

### Count II – Detention Not Authorized by Statute
### (INA §§ 235(b))

28. Respondents' asserted authority to detain Petitioner under 8 U.S.C. § 1225(b) is contrary to law. That provision applies to noncitizens who are "applicants for admission," including those encountered at or near the border and, in limited circumstances, those who entered without inspection within the two-year period Congress expressly authorized for expedited removal. Petitioner falls into neither category.

29. Nothing in § 1225(b) authorizes U.S. Immigration and Customs Enforcement ("ICE") to retroactively reclassify her as an "arriving alien" after more than two decades of residence in the interior of the country.

30. Respondents rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which broadly declared that all individuals who entered without inspection are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). But *Hurtado* does not control here. Petitioner was not apprehended at or near the border; she has lived in the United States for many years and has not been placed in expedited-removal or inspection proceedings. Reclassifying her as a new "arriving alien" would unlawfully expand § 1225(b) detention authority beyond what Congress provided.

31. If Respondents have custody authority at all, it lies under 8 U.S.C. § 1226(a), which requires an individualized custody determination before a neutral decisionmaker. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240,

256–57 (1st Cir. 2021). Respondents' reliance on § 1225(b) to deny Petitioner such a hearing is unlawful.

32. Accordingly, Petitioner's detention is not authorized by statute, and she is entitled to immediate release or, at minimum, a prompt custody hearing under § 1226(a).

### Count III - Violation of the Administrative Procedure Act
### (Unlawful Agency Action, 5 U.S.C. § 706(2))

33. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

34. The Administrative Procedure Act ("APA") requires courts to "hold unlawful and set aside agency action" that is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, or "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2).

35. Respondents' decision to detain Petitioner under INA § 235(b) constitutes unlawful agency action. Congress limited the scope of § 235(b) to applicants for admission—individuals apprehended at or near the border or those who entered without inspection within the temporal window Congress authorized for expedited removal. Petitioner does not fall within those categories. She has resided in the United States since approximately 2016.

36. By purporting to reclassify Petitioner as an "arriving alien" and subject her to mandatory detention, Respondents have exceeded their statutory authority and acted contrary to law. *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), cannot lawfully expand INA § 235(b) to reach individuals like Petitioner who were apprehended in the interior after years of residence in the United States. Such an interpretation is inconsistent with the

statute, Congress's carefully drawn framework in INA §§ 235 and 240, and the constitutional guarantees of due process.

37. Respondents' detention of Petitioner under § 235(b) is therefore arbitrary, capricious, and "in excess of statutory jurisdiction" in violation of the APA, 5 U.S.C. § 706(2)(A), (C). Accordingly, it must be set aside.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1. Assume jurisdiction over this matter;
2. Order that Petitioner shall not be transferred outside the District of Massachusetts;
3. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;
4. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;
5. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;
6. In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; <u>and</u>
7. Grant any such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gabriela J. Cerretani*                                             Dated: September 22, 2025

Gabriela J. Cerretani, Esq.
BBO: 706130
Georges Cote Law LLP
235 Marginal St
Chelsea, MA 02150
617-884-1000
gcerretani@georgescotelaw.com
*Counsel for Petitioner*